UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-178-FDW

| | |
|---|---|
| BRANDON CHANTEL LITTLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| W. DAVID GUICE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of *pro se* Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 7).

**I.   BACKGROUND**

*Pro se* Plaintiff Brandon Chantel Little has filed a civil rights suit pursuant to 42 U.S.C. § 1983 for incidents that allegedly occurred at the Marion Correctional Institution.[1] He names the following as Defendants in their official and individual capacities: Department of Public Safety ("DPS") Commissioner W. David Guice, DPS Director George T. Solomon, Security Risk Group ("SRG") Captain Michael Long, SRG Sergeant Brad Taylor, and Marion C.I. Administrator Hubert Corpening.

Construing the Complaint liberally and accepting it as true, Plaintiff wrote to his cousin around February 22, 2017, about the Moorish American faith. Defendant Taylor wrote Plaintiff up for an SRG disciplinary infraction for referring to the Strawman, Free Moor, and Sovereign Citizens. This violated Plaintiff's First Amendment rights of free speech and religion. Plaintiff

---

[1] Plaintiff previously raised the same claims in case number 1:17-cv-102-FDW. The Court dismissed without prejudice on May 19, 2017, because it was evident on the face of the Complaint that Plaintiff filed his Complaint prior to exhausting administrative remedies.

1

explained to Sergeant Alley on March 6, 2017, that Plaintiff claims the Moorish American faith, which is separate from Sovereign Citizen Group. Sergeant Alley told Plaintiff that the only way to make staff stop violating his rights to free speech and religion is to file a federal lawsuit. Plaintiff had a disciplinary hearing on March 10, 2017, for an A-14 violation, which is a gang-related charge, to which Plaintiff pled guilty although Moorish Americans are not a gang, but rather, a religion and nationality. Plaintiff was punished with 30 days of segregation, loss of radio privileges for 120 days, limited canteen draws for four months, 40 hours of extra duty, and $10 for the disciplinary write-up.

Plaintiff seeks declaratory judgment, compensatory damages, punitive damages, injunctive relief, and any other relief that the Court deems appropriate.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

The First Amendment states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech…." U.S. Const. Amend I. The First Amendment applies to the states through the Fourteenth Amendment. See Everson v. Bd. of Educ., 330 U.S. 1, 15 (1947). A prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system. Procunier v. Martinez, 416 U.S. 396, 412 (1974), *limited by* Thornburgh v. Abbott, 490 U.S. 401 (1989); Pittman v. Hutto, 594 F.2d 407, 410 (4th Cir. 1979). When a prison restriction infringes upon an inmate's First Amendment rights, the alleged

3

infringement "must be evaluated in the light of the central objective of prison administration, safeguarding institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979). To state a free exercise claim under the First Amendment, a plaintiff must allege facts sufficient to show that he held a sincere religious belief, and that the official action or regulation substantially burdened his exercise of that belief. Hernandez v. Comm'r, 490 U.S. 680, 699 (1989).

As a preliminary matter, Plaintiff's claims against Defendants Guice, Solomon, Long, and Corpening cannot proceed because he has made no factual allegations against them whatsoever. See Fed. R. Civ. P. 8(a)(2) (requiring a short and plain statement of the claim); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient). Plaintiff's claims against these Defendants are therefore insufficient to proceed.

Further, Plaintiff's First Amendment claims are frivolous and self-defeating. Plaintiff alleges that Defendant Taylor violated his First Amendment rights by writing a disciplinary infraction against him for SRG activity based on a letter Plaintiff wrote to his cousin. However, Plaintiff admits that he pled guilty to the disciplinary infraction and was punished as a result. He does not allege that the disciplinary action has been overturned.

Plaintiff's guilty plea to the disciplinary infraction undermines his present contention that no SRG activity occurred and that Taylor violated the First Amendment by charging him. Plaintiff's present claims would necessarily undermine the validity of the prison disciplinary proceeding, and therefore, are not cognizable under § 1983.[2] See generally Heck v. Humphrey,

---

[2] Plaintiff does not appear to seek prospective injunctive relief.

512 U.S. 477 (1994) (state prisoner's claim for damages is not cognizable under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated); Edwards v. Balisok, 520 U.S. 641 (1997) (claim for declaratory relief and money damages based on allegations of deceit and bias on the part of state officials involved in disciplinary proceedings that necessarily imply the invalidity of the punishment imposed is not cognizable under § 1983). Therefore, Plaintiff's First Amendment claims are dismissed as frivolous.

**IV.  CONCLUSION**

For the reasons stated herein, the Complaint is dismissed as frivolous and for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint is **DISMISSED** as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

2. The Clerk is instructed to close this case.

Signed: April 6, 2018

Frank D. Whitney
Chief United States District Judge